THE MORLEY MARKETS, INC., Appellant, v. E. MILTON BERRY and Others, Respondents; WALTER F. DOWNEY, as Successor Receiver, Respondent. (Appeal No. 2.) — Order denying plaintiff's motion for an order granting examination of a receiver before trial as to matters which occurred prior to his appointment affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE BROWDER, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of violating section 974 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LACKOW, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law, information dismissed and fine remitted. The People failed to prove defendant's guilt beyond a reasonable doubt. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

ELIZABETH B. REILLY, Respondent, v. EDWARD J. REILLY, Appellant.— Order confirming report of official referee, denying defendant's motion to vacate the report, and directing that defendant continue to pay alimony at the rate of $140 a month as provided for in the final decree, amended by order dated February 18, 1930, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

JOSEPH ROUADI, Appellant, v. NEW YORK EVENING JOURNAL, INC., Respondent. — In an action for libel the published article set forth in brief that the plaintiff, with another, was under arrest and in jail in connection with the murder of an alleged counterfeiter and racketeer and that the body of the murdered man had been buried in the plaintiff's cellar prior to being transported to Lawrence, Mass., for permanent burial. The article is libelous per se. The answer set up a first defense that the publication was true. It then proceeded to give facts, many of which were immaterial to the charge and none of which justified the conclusion that the plaintiff was arrested and jailed, charged with the crime; or that the body was buried in plaintiff's cellar or otherwise concealed by him. The justification was not, in respect to material facts and substance, as broad as the charge. The plaintiff moved to strike out the first defense and the first partial defense. The motion was denied. As to the first partial defense, the counsel abandoned that part of the motion on the appeal. Order modified by granting the motion to strike out the first defense, and as so modified affirmed, with ten dollars costs and disbursements to appellant, with leave to defendant to serve an amended answer within ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.